IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| -vs- | ) |
| | ) Criminal No. 06-161 |
| JOHN PATRICK GEORGE, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

Defendant has been charged with the crime of Possession of a Firearm by a Convicted Felon on or about April 26, 2005. He has filed a Motion to Suppress involving the following issues:

(1) the propriety of a traffic stop on December 24, 2004.

(2) the search of Defendant's vehicle on December 24, 2004.

(3) the seizure of property from Defendant's vehicle on December 24, 2004.

(4) the propriety of an Order dated January 28, 2005, authorizing the use of a mobile tracking device.

(5) the search of Defendant's residence on April 25, 2005.

(6) the search of a storage facility on April 28, 2005.

A. <u>THE TRAFFIC STOP</u>

Defendant was stopped by Officer Hughes of the Mount Lebanon Police Department on December 24, 2004 after the following facts occurred. At the start of Hughes' shift, he was informed of a report that a business was to be burglarized over the Christmas weekend. Hughes was given specific information about the prospective burglar's vehicle: its color, make, model and license number. Hughes was also told that the suspected burglar did not have a valid Pennsylvania driver's license.

Hughes observed the vehicle described in the report and followed the vehicle. After observing the vehicle make several turns without using a signal, Hughes stopped the vehicle. Hughes advised the driver and occupant that they had been stopped for failing to use a turn signal.

When asked for identification, Defendant produced a Florida driver's license, a Pennsylvania registration card and a Pennsylvania insurance card. Defendant and his passenger were detained for about one-half hour while Hughes and other officers who had arrived at the scene checked the validity of Defendant's license. When it was determined that the license was valid, Defendant was told he was free to leave. Defendant was also asked if the officers could look into the vehicle. Defendant consented. Items in the vehicle included binoculars, ski masks, a notebook with businesses and social clubs noted, sledge hammers, chisels, metal cutting blades, gloves, and ropes. These items were seized and Defendant was permitted to leave.

A stop for a technical violation of the motor vehicle code is legitimate, even if the stop is a pretext for an investigation of some other crime. See <u>Whren v. U.S.</u>, 517 U.S. 806 (1996) and <u>U.S. v. Burks</u>, 2007 WL 128005 (W.D. Pa. 1/11/07). Here, the stop was for a violation of the motor vehicle code, was legitimate and did not violate Defendant's constitutional rights.

B.  <u>THE WARRANTLESS SEARCH OF DEFENDANT'S VEHICLE</u>

I find credible Hughes's testimony that Defendant consented to the search of his vehicle. Furthermore, the videotape supports Hughes's testimony by showing Defendant opening both the vehicle door and "cab" door for the officers' inspection.

Furthermore, the items seized were clearly tools commonly used for burglaries and thefts. Hughes had Defendant's consent and probable cause to believe the items seized from the vehicle were instruments of crime. The seizure was not a violation of Defendant's rights.

C.  <u>THE SEARCH WARRANTS</u>

The search warrants were entered into evidence and demonstrate clearly the existence of probable cause. The circumstances which occurred on December 24, 2004, along with the observations of April 23, 2005 and April 25, 2005 provided a substantial basis for the issuance of the warrants.

<u>\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*</u>

## ORDER OF COURT

AND NOW, this **4th** day of May, 2007, it is Ordered that the Defendant's Motion to Suppress Evidence (Docket No. 50) and Supplemental Pretrial Motions (Docket No. 66) are Denied.

Jury Instructions and Voire Dire are due on or before May 18, 2007 and trial is scheduled for 9:30 A.M. on Wednesday, May 30, 2007.

BY THE COURT:

s                              _____
                               Donetta W. Ambrose,
                               Chief U. S. District Judge